UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DAVID LANDON,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, DAVID LANDON, is a citizen and resident of the state of Idaho.

2. Defendant, CARNIVAL CORPORATION is a foreign corporation with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.  Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5.  At all times material hereto, Defendant is subject to the jurisdiction of the courts of this state.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.  At all times material hereto, Defendant is subject to the jurisdiction of the courts of this state.

8.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

9.  At all times material hereto, Defendant owned, operated, managed, maintained, controlled and/or had exclusive custody of the vessel, *Carnival Spirit* ("the vessel").

10. On or about December 21, 2024, Plaintiff was a paying passenger aboard the vessel, which, at all times, material Defendant operated in navigable waters.

11. Prior to boarding the vessel, Plaintiff tripped over broken concrete in the parking area for the vessel.  Plaintiff was able to get up and walk after the fall.

12. While Plaintiff was waiting to board the vessel, a crewmember offered Plaintiff a wheelchair, which was utilized to get onto the vessel.

13. The crewmember took plaintiff through security and left him on the Lido deck, promising that another wheelchair would be brought for Plaintiff.

14. At the same time, Plaintiff's family, still checking into the vessel, was told by a different crewmember that a new wheelchair had been sent to Plaintiff on the Lido deck.

15. The second wheelchair never arrived, and Plaintiff was required to walk to his cabin to use the restroom.

16. While walking on the Lido deck towards his cabin, Plaintiff tripped and/or slipped on a foreign substance and/or damaged carpet, thereby sustaining severe injuries.

17. Several crew members were in the area and, on information and belief, were able to see the area where Plaintiff fell.

18. There were no warning signs visible to Plaintiff at the time of the fall.

### DEFENDANT'S NOTICE

19. At all times material hereto, Defendant knew or should have known that it was reasonably foreseeable for passengers to be injured due to foreign substances/damaged carpet on the Lido deck, as occurred on the date of Plaintiff's incident.

20. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be injured falling as a result of foreign materials and/or damaged carpet on the Lido deck, considering prior incidents occurring on Defendant's vessels. For instance,

a. On or about November 16, 2023, passenger (C.A.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Pride* and suffered severe injury.

b. On or about May 18, 2023, passenger (S.L.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Sunshine* and suffered severe injury.

c. On or about May 1, 2023, passenger (N.M.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Dream* and suffered severe injury.

d. On or about March 15, 2023, passenger (R.V.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Radiance* and suffered severe injury.

e. On or about January 6, 2023, passenger (W.S.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Mardi Gras* and suffered severe injury.

f. On or about December 30, 2022, passenger (N.P.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Conquest* and suffered severe injury.

g. On or about November 4, 2022, passenger (K.J.) tripped/slipped and fell due to a foreign substance/damaged carpet aboard the *Carnival Vista* and suffered severe injury.

21. At all times material hereto, the prior incidents listed above suggest that Defendant knew, or should have known, that foreign materials and/or damaged carpet can occur on the Lido deck and passengers could suffer severe injury, and thus this knowledge invited corrective measures from Defendant.

22. At all times material hereto, policies and/or procedures and/or industry standards have been implemented for hazardous conditions in high traffic deck areas, to warn passengers, like the Plaintiff, of possible dangers. These policies and/or procedures and/or industry standards include, but are not limited to, placing caution signs, monitoring the deck, and routinely maintaining the area in a manner that was free of slip-and-fall hazards. Based on the implementation of such policies and/or procedures and/or industry standards, Defendant knew or should have known of possible dangers to avoid, including the injury sustained by Plaintiff in the current matter.

LIPCON, MARGULIES & WINKLEMAN, P.A.

23. Plaintiff is unable to presently determine all of the prior similar incidents which have occurred providing notice to the Defendant, because Defendant regularly resolves cases and requires confidentiality as part of settlements in order to shield the facts and circumstances of prior incidents from publicly available sources. Accordingly, Defendant is orchestrating and is actively involved in concealment of prior incidents which may be substantially similar to the present incident, which may only be determined through discovery in litigation.

## COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers, like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers are invited to or may reasonably be expected to visit.

26. On or about December 21, 2024, Plaintiff was on the Lido Deck, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

27. On or about December 21, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to adequately warn of the unreasonably dangerous substance and/or hazardous flooring of the subject area;

a. Failure to warn of the risks and/or dangers associated with the unreasonably dangerous substance and/or hazardous flooring condition of the subject area;

b. Failure to adequately warn of other accidents previously occurring in the same area and/or type of flooring surface under substantially similar circumstances;

c. Failure to adequately warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the area where passengers were required to walk aboard the vessel;

d. Failure to adequately verbally warn and/or place warning signs on or around the unreasonably hazardous flooring in the subject area;

e. Failure to adequately block off or place a caution sign so as to warn Plaintiff of the unreasonably hazardous flooring surface in the subject area;

f. Failure to adequately warn passengers, including the Plaintiff, of the dangerous condition(s); and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that verbal warnings or warning signs are placed on or around the subject area.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

29. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct or warn about them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through the facts alleged in paragraphs 19-23. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in

the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, loss of future earning capacity, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from Plaintiff's incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT MAINTENANCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein.

31. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

32. At all times material hereto, it was the non-delegable duty of Defendant to maintain its flooring in subject area in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking aboard the vessel.

33. On or about December 21, 2024, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

a. Failure to adequately maintain the subject area where Plaintiff suffered Plaintiff's accident in a reasonably safe condition;

b. Failure to adequately and regularly inspect the subject area for unsafe flooring conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

c. Failure to adequately and regularly monitor the subject area to maintain it free of slipping, hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

d. Failure to regularly and adequately maintain the subject areas with materials, mats, and/or strips in the subject area to maintain it free of slipping/tripping hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

e. Failure to adequately close off access to the area where plaintiff suffered Plaintiff's accident until such times as the condition causing Plaintiff's accident was corrected;

f. Failure to adequately clean the area where plaintiff suffered Plaintiff's injury; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of slipping/tripping hazards for passengers like Plaintiff aboard the vessel.

34. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

LIPCON, MARGULIES & WINKLEMAN, P.A.

35. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through the facts alleged in paragraphs 19-23.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

36. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from Plaintiff's incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands a trial by jury for all damages recoverable under the law.

### COUNT III – GENERAL NEGLIGENCE

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs 1 through 23 as though alleged originally herein.

37. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

38. At all times material, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with

the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

a. Failure to adequately provide passengers, including Plaintiff, with a reasonably safe area to walk aboard the vessel;

b. Failure to ensure that Plaintiff was not left unattended, without a wheelchair, after learning of Plaintiff's first fall;

c. Failure to ensure that Plaintiff was taken to the medical center after Plaintiff's first fall;

d. Failing to render medical aid to Plaintiff after learning of Plaintiff's first fall;

e. Failure to adequately provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe area to walk aboard the vessel;

f. Failure to adequately provide proper and/or sufficient warnings to passengers so that passengers, including Plaintiff, had a reasonably safe area to walk aboard the vessel;

g. Failure to adequately select and/or utilize reasonably safe safety mechanisms to avoid slipping/tripping hazards in the subject area in light of the anticipated foot traffic given the purpose of the subject area;

h. Failure to adequately select and/or utilize reasonably safe flooring material to avoid slipping/tripping in the subject area in light of the anticipated foot traffic given the purpose of the subject area;

i. Failure to adequately adopt policies and procedures so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

j. Failure to adequately supervise and/or monitor crewmembers so that subject area aboard the vessel was reasonably safe; and/or

LIPCON, MARGULIES & WINKLEMAN, P.A.

k.  Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident.

39. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

40. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through the facts alleged in paragraphs 19-23.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

41. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from Plaintiff's incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands a trial by jury for all damages recoverable under the law.

Dated: December 4, 2025

*Respectfully submitted,*

LIPCON, MARGULIES
& WINKLEMAN, P.A.

- 11 -

*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   */s/ Craig P. Liszt*

**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**CRAIG P. LISZT**
Florida Bar No. 63414
cliszt@lipcon.com

LIPCON, MARGULIES & WINKLEMAN, P.A.